## Commonwealth v. Grosso

*Mark S. Smith,* for Commonwealth.
*Richard Grosso,* pro se.

BROWN JR., *S.J.,* January 30, 2008—Before the court is defendant Richard Grosso's PCRA petition, in the form of a petition to correct an illegal sentence, filed on Oc-

tober 5, 2007. After a thorough review of the record, the court determines defendant's petition is dismissed.

The instant petition must be treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-9546, as amended by Act 1995-32.

The PCRA is the sole means by which a defendant may obtain collateral relief. 42 Pa.C.S. §9542. The Superior Court adopted this same procedure in *Commonwealth v. Hockenberry,* 455 Pa. Super. 626, 689 A.2d 283 (1997), *appeal denied,* 548 Pa. 645, 695 A.2d 784 (1997), reasoning that since a motion to modify sentence must be filed within 10 days of the imposition of sentence, and a direct appeal from judgment of sentence must be filed within 30 days, the PCRA is the only vehicle for addressing legality of sentence beyond those time limits. Even within the PCRA, the time limits described in 42 Pa.C.S. §9545 have been held to apply to questions raising the legality of sentence. In *Commonwealth v. Fahy,* 558 Pa. 313, 331, 737 A.2d 214, 223 (1999), our Supreme Court stated, "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."

In order to be timely filed, a PCRA petition must be made within one year of the sentence becoming final. Petitioner's sentence became final upon denial of his petition for allowance of appeal by the Pennsylvania Supreme Court on August 25, 1999. Furthermore, petitioner already had a PCRA petition before the court at the time he filed the present petition. Said PCRA petition has since been dismissed by order of this court on January 30, 2008.

Even if petitioner's petition to correct an illegal sentence were timely, it would be dismissed for failure to raise an issue not previously raised or waived. 42 Pa.C.S. §9545(a)(3). In petitioner's first PCRA petition, he raised the issue of an illegal sentence. This court denied that petition and that decision was subsequently upheld by the Superior Court.

If petitioner's claim of an illegal sentence were not previously raised or waived, it would remain meritless. Petitioner alleges his sentence on May 17, 1993 was incorrectly calculated with regards to the previous record score applied to his sentences for kidnapping, aggravated assault, and robbery. The sentence for these offenses was calculated under the December 20, 1991 first revision to the third edition of the Pennsylvania Sentencing Guidelines, 204 Pa. Code §§303.6-303.8, and was calculated for convictions arising out of separate transactions. 204 Pa. Code §303.6(b). The court determined, at the time of sentencing, that such a calculation was correct, and the court will not revisit that determination now. Furthermore, petitioner cited in his motion to a version of the sentencing guidelines, the fourth edition, which did not take effect until August 12, 1994, more than a year after his sentencing.

As there remains no issue to be decided by this court, petitioner's motion for a writ of habeas corpus ad testificandum is denied as moot.

Accordingly, the following is entered:

## ORDER

And now, January 30, 2008, it is hereby ordered that defendant/petitioner Richard Grosso's "motion to correct

illegal sentence" is dismissed. Petitioner's motion, which he filed pro se, is for all intents and purposes an attempt to petition the court for post-conviction collateral relief pursuant to 42 Pa.C.S. §§9541-9546.

In addition to procedural defects, the motion is untimely as post-conviction collateral proceedings must be initiated by filing such petitions within one year of the date judgment becomes final. 42 Pa.C.S. §9545. Moreover, petitioner's filing does not fall within any of the enumerated exceptions under 42 Pa.C.S. §9545(b) (i-iii).

Petitioner's motion for a writ of habeas corpus ad testificandum is denied as moot.

Petitioner Richard Grosso has the right to appeal from this order within 30 days from entry of this order.

The prothonotary is directed to submit a copy of this order to petitioner Richard Grosso by certified mail, return receipt requested, pursuant to Pennsylvania Rule of Criminal Procedure 907(4).

BROWN JR., *S.J.,* January 30, 2008—Before the court is petitioner Richard Grosso's post conviction collateral relief petition. After a thorough review of the record and review of Attorney Ronald McGlaughlin's *Turner/Finley* withdrawal letter, the court is satisfied there are no genuine issues concerning any material fact.

By order dated January 24, 2006, the court informed petitioner of its intent to dismiss his petition without a hearing, pursuant to Pa. R.Crim.P. 907. Petitioner filed a pro se appeal to the Pennsylvania Superior Court on

February 8, 2006. On August 29, 2006, petitioner's appeal was quashed by order of the Superior Court for having been taken from an interlocutory (non-appealable) order. The 20-day notice period required by Pa. R.Crim.P. 907 having passed, the court will now proceed with its dismissal of petitioner's PCRA petition.

## DISCUSSION

In the above-captioned case of 1991-0536, petitioner raises the issues of ineffective assistance of counsel, prosecutorial misconduct, trial court error, illegal sentence, and a proceeding in a tribunal without jurisdiction. In the above-captioned case of 1991-0537, petitioner raises the issue of proceeding in a tribunal without jurisdiction.

Petitioner is required to file a petition for post-conviction collateral relief within one year from the date the judgment of sentence becomes final, or, otherwise, must invoke one of three exceptions. 42 Pa.C.S. §9545(b). The Pennsylvania Superior Court denied petitioner's first PCRA petition by order on February 1, 1999. A petition for allowance of appeal of this order was filed and denied by the Pennsylvania Supreme Court on August 25, 1999.

Any PCRA petition must be filed within one year of the date the judgment becomes final, unless petitioner alleges and proves one of the three exceptions provided in 42 Pa.C.S. §9545(b)(1). It is the petitioner's burden to plead and prove one of the exceptions apply. *Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258 (1999). PCRA timeliness requirements are jurisdictional, and, therefore, a PCRA court cannot hear an un-

timely petition. *Commonwealth v. Rienzi,* 573 Pa. 503, 827 A.2d 369 (2003).

Petitioner filed his first PCRA petition on November 29, 1994, combining challenges to separate convictions from two criminal episodes into one single petition. Petitioner's PCRA petition was denied by the Superior Court on February 1, 1999. In case no. 1991-536, petitioner filed a PCRA petition on October 20, 2004. In case no. 1991-537, petitioner filed a PCRA petition on April 19, 2005. These petitions are well beyond the requirement to file within one year of the date the judgment becomes final. Consequently, petitioner's petitions are untimely under 42 Pa.C.S. §9545(b)(1).

Petitioner alleges one of the three exceptions provided in 42 Pa.C.S. §9545(b)(1). Petitioner claims his failure to timely raise the claims contained in the PCRA petition was due to interference by government officials with the presentation of the claim in violation of the constitutional laws of this Commonwealth, or the constitutional laws of the United States. 42 Pa.C.S. §9545(b)(1)(i). As set forth in the 1991-536 petition, petitioner maintains that during his transfer to the restrictive housing unit at SCI-Greene, the department of corrections lost certain materials belonging to petitioner which prevented him from filing a timely PCRA petition.

On December 28, 2001, petitioner was escorted to the restrictive housing unit and placed on administrative custody status. Petitioner alleges that at this time his property was not given to him and was, in fact, lost. However, as previously stated, the Superior Court denied petitioner's PCRA petition on February 1, 1999. The materials were not misplaced until after the one-year

period in which petitioner had to file a PCRA petition. Therefore, the misplacement of the materials in December 2001, is irrelevant.

Petitioner further seeks to raise the issue of "tribunal without jurisdiction." Petitioner argues the opinion filed by the Superior Court on February 1, 1999, affirming the trial court's denial of his PCRA petition, was issued by the Western District of the Superior Court of Pennsylvania. He further argues it was to be issued by the Middle District of Pennsylvania. The division of the state into districts is merely for the convenient transaction of business. *Commonwealth ex rel. Middleton v. The Commissioners of Allegheny County,* 37 Pa. 237 (1860). Therefore, the decision of the Superior Court was properly issued.

The remaining issues petitioner raises in his second PCRA petition are all the same issues he raised in his first PCRA petition, which was denied by this court. That decision was affirmed by the Superior Court. To be eligible for relief under the PCRA the issue raised must be one that was not previously raised or waived. 42 Pa.C.S. §9545(a)(3).

Accordingly, the following is entered:

## ORDER

And now, January 30, 2008, the following is hereby ordered:

Upon consideration of petitioner Richard Grosso's second petition for post-conviction collateral relief in 1991-0536 and after a thorough review of the record in the above-captioned case, the court determines there are

no genuine issues concerning any material facts. Therefore, said petition is dismissed.

Upon consideration of petitioner Richard Grosso's second petition for post-conviction collateral relief in 1991-0537 and after a thorough review of the record in the above-captioned case, the court determines there are no genuine issues concerning any material facts. Therefore, said petition is dismissed.

Petitioner Richard Grosso has the right to appeal from this order within 30 days of entry of this order.

The prothonotary is directed to submit a copy of this order to petitioner Richard Grosso by certified mail, return receipt requested, pursuant to Pennsylvania Rule of Criminal Procedure 907(4).