J-S53003-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
        Appellee : 
: 
       v. : 
: 
LYNN ALAN PADGETT, : 
: 
        Appellant : No. 516 MDA 2014

Appeal from the PCRA Order February 18, 2014,
Court of Common Pleas, Bradford County,
Criminal Division at No. CP-08-CR-0000888-1997

BEFORE: DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED AUGUST 17, 2015**

Lynn A. Padgett ("Padgett") appeals from the February 18, 2014 order of the Bradford County Court of Common Pleas dismissing his sixth petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), as untimely. We affirm.[1]

---

[1] On May 12, 2015, Padgett filed a motion in this Court entitled, "Objections to Defects in the Record," seeking for this Court to make certain corrections to the "List of Items Sent to the Superior Court" that he received from the lower court's prothonotary, as Padgett believes the list "to be defective in some areas and lacking information in others." Pro Se Motion, 5/12/15. We consider this to be a motion filed pursuant to Pa.R.A.P. 1926, which states, in relevant part:

> (b) If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by the following means:

We previously summarized the factual and procedural histories of the case when deciding a prior appeal as follows:

On January 8, 1998, [Padgett] entered guilty pleas in two cases to two counts of involuntary deviate intercourse and one count of rape. The offenses took place in Lycoming and Bradford Counties, and were prosecuted together in Bradford County. [Padgett]'s initial sentence entered on March 5, 1998 was vacated, and he was resentenced on October 7, 1999, to an aggregate term of fifteen to thirty years' imprisonment. [Padgett] then filed a direct appeal which raised challenges to jurisdiction. This Court affirmed [Padgett]'s judgment of sentence on October 10, 2001. [Padgett] did not file a timely petition for allowance of appeal.

On February 12, 2003, [Padgett] filed his first PCRA petition, which was dismissed as untimely on June 10, 2003. We affirmed on June 10, 2004. [Padgett] filed a second PCRA petition on October 22, 2007, which the PCRA court dismissed as untimely on October 2, 2008. [Padgett] filed a *pro se* appeal to this Court, and subsequently also filed with this Court a motion for remand and stay of proceedings, seeking a remand so that the PCRA court could consider an amended petition ([Padgett]'s third PCRA petition) that was filed on November 17, 2009. On September 8, 2010, this Court affirmed the dismissal of [Padgett]'s second

_____

(1) by the trial court or the appellate court upon application or on its own initiative at any time; in the event of correction or modification by the trial court, that court shall direct that a supplemental record be certified and transmitted if necessary[.]

Pa.R.A.P. 1926(b)(1). Although Padgett avers that the items missing from "the list" "are essential" to the claims raised, he does not aver that the items were excluded "by error, breakdown in processes of the court, or by accident." **See** Pro Se Motion, 5/12/15. As such, we cannot grant him the relief requested.

PCRA petition and denied the motion for remand. Our Supreme Court denied [Padgett]'s petition for allowance of appeal on April 20, 2011.

[Padgett] filed his fourth PCRA petition on April 12, 2010. The PCRA court issued an order on April 21, 2010, directing [Padgett] to file an amended petition within 30 days. On June 21, 2010, the PCRA court issued a notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, which specified five reasons why [Padgett] is not entitled to PCRA relief. The PCRA court then entered an order on June 24, 2010, granting [Padgett] "leave to re-submit his claim for relief as a petition for relief under the Post Conviction Relief Act" within 30 days. On July 8, 2010, [Padgett] filed a pro se notice of appeal of the June 21, 2010, [Rule] 907 order to this Court.

Because [Padgett] filed his 2010 appeal during the pendency of his prior appeal from the denial of his second PCRA petition, and his motion for remand for consideration of his third PCRA petition, this Court quashed his appeal. Undaunted, on September 29, 2011, [Padgett] filed a "Petition for a hearing to strike the court's judgment of conviction in the above-captioned matter as being void '*ab initio.*'" On October 11, 2011, [Padgett] filed a motion for the appointment of counsel and leave to supplement his petition. By order dated October 12, 2011, the PCRA court stated that it would treat [Padgett]'s latest petition as a PCRA petition and afforded [Padgett] thirty days in which to file an amended petition. On November 14, 2011, [Padgett] filed an amended PCRA petition, his fifth. By order entered December 2, 2011, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907, of its intent to dismiss [Padgett]'s petition as untimely. [Padgett] did not file a response. By order dated January 11, 2012, the PCRA court dismissed [Padgett]'s fifth PCRA petition.

*Commonwealth v. Padgett*, 1003 MDA 2012, at 1-3 (Pa. Super. Jan. 7, 2013) (unpublished memorandum) (internal citations omitted).

On August 30, 2013, Padgett filed the instant PCRA petition. On October 7, 2013, the PCRA court appointed counsel to represent Padgett. On December 23, 2013, appointed counsel filed a **Turner/Finley**[2] "no-merit" letter and petition to withdraw as counsel. On December 30, 2013, the PCRA court issued notice of its intent to dismiss Padgett's sixth PCRA petition pursuant to Pa.R.Crim.P. 907. Padgett filed a objections to the PCRA court's 907 on January 24, 2014. On January 31, 2014, the PCRA court dismissed Padgett's petition and granted appointed counsel's petition to withdraw. Nonetheless, Padgett filed objections to counsel's no-merit letter on February 3, 2014.

On February 21, 2014, Padgett filed a timely pro se notice of appeal. He raises the following questions for our review:

    I.     Was the [PCRA] court's denial of relief based on the misapplication of the clearly established standard for a timely filed PCRA petition under 42[] Pa.C.S. § 9545(b)(1)(i)-(iii); (2), an abuse of discretion?

    II.    [crossed out]

    III.    Did the PCRA court abuse its discretion[] and err by allowing [Padgett] to be prosecuted[] and convicted of an offense that was not included in the criminal information?

    IV.    Given that [Padgett] was convicted of a Bradford County offense that did not occur, and he did not commit, is [Padgett]'s judgment of conviction a void judgment?

---

[2] **Commonwealth v. Turner**, 544 A.2d 927, 928 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213, 215 (Pa. Super. 1988).

V.      [crossed out]

VI.     Was the District Attorney's neglect to provide [Padgett]'s defense counsel with exculpatory evidence that was under the exclusive control of the Pennsylvania State Police a violation of [Padgett]'s right to due process of the law and contrary to clearly established law?

VII.    Did a manifest injustice occur when the court below abused its discretion by neglecting to provide [Padgett] an opportunity to address the court before he was sentenced?

VIII.   Did the court below abuse its discretion by appointing counsel to represent [Padgett] that could not raise [Padgett]'s claims of counsel's prior ineffectiveness?

IX.     Did the court below abuse its discretion by issuing orders and opinions that are not supported by the record?

X.      Did defense counsel's representation fall below a reasonable standard of objectiveness where counsel neglected to: (1) pursue discovery before advising [Padgett] to enter a guilty plea to an offense that did not occur, and [Padgett] did not commit; (2) raise a viable alibi defense[;] (3) [] interview [Padgett]'s alibi/character witness; (4) [] interview the state[']s witnesses; and (5) generally neglect to put the prosecution[']s case to a proper adversarial testing?

XI.     Was [Padgett] abandon[ed] by appellate counsel that filled [sic] a "no[-]merit" letter in which counsel acknowledged several of [Padgett]'s claims to be valid claims?

XII.    Was [Padgett] abandon[ed] by appellate counsel that failed to file a timely petition for allowance of appeal to the state Supreme Court as instructed by [Padgett]?

XIII. Did the PCRA court abuse its discretion[] and violate [Padgett]'s right to due process of the law by holding that [Padgett] entered a voluntary, knowing, and intelligent plea of guilty to an offense that did not occur?

XIV. Did the Commonwealth violate [Padgett]'s due process of the law right by executing a warrantless search and seizure on [Padgett]'s property without probable cause?

XV. Has [Padgett] presented sufficient facts[] and evidence to demonstrate that a miscarriage of justice occurred in this case?

Padgett's Brief at 3-4.

We review the denial of a PCRA petition on timeliness grounds according to the following standard:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. The court cannot ignore a petition's untimeliness and reach the merits of the petition. Section 9545(b)(1) requires a petitioner to file a PCRA petition within one year of the date the judgment [became] final.

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (internal citations and quotations omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

- 6 -

The record reflects that Padgett filed a direct appeal from his resentencing hearing and this Court affirmed in an unpublished memorandum dated October 10, 2001. *See Commonwealth v. Padgett*, 1941 MDA 2000 (Pa. Super. Oct. 10, 2001) (unpublished memorandum). Padgett did not file a petition for allowance of appeal with the Pennsylvania Supreme Court, and thus, his judgment of sentence became final on November 9, 2001. *See* Pa.R.A.P. 1113(a). He therefore had one year to timely file a PCRA petition – here, until November 12, 2002.[3] The instant petition, filed on August 30, 2013, was patently untimely.[4]

Section 9545(b)(1) of the PCRA provides three statutory exceptions to the timeliness provisions that allow for very limited circumstances under which the late filing of a PCRA petition will be excused:

---

[3] Although Padgett would typically have had to have filed his PCRA petition on or before November 9, 2002, that day fell on a Saturday, and the following Monday, November 11, 2002, was a holiday. He therefore had until Tuesday November 12, 2002 for his PCRA petition to be considered timely. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[4] In his PCRA petition, Padgett avers that his petition was timely because he filed it within a year of the decision on his fifth PCRA petition. *See* PCRA Petition, 8/30/13, ¶ 32. As the law cited above makes clear, this is not the starting point for the one-year timeframe. Furthermore, our Supreme Court has held that apart from the specifically enumerated exceptions contained in section 9545(b), "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling[.]" *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999); *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003).

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). "Any petition invoking an exception provided in paragraph (1) shall be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). It is the petitioner's burden to plead and prove, by a preponderance of the evidence, that his facially untimely petition falls under one of the three timeliness exceptions; that he filed it within sixty days of the date it could have been presented; and that the information could not have been obtained earlier. *Commonwealth v. Williams*, 105 A.3d 1234, 1239 (Pa. 2014); *Commonwealth v. Ali*, 86 A.3d 173, 178 (Pa. 2014), *cert. denied sub nom.*, *Ali v. Pennsylvania*, 135 S. Ct. 707 (U.S. 2014).

In his PCRA petition and his brief on appeal, Padgett raised numerous arguments, including claims that the plea court lacked jurisdiction over the matter; the absence of charges arising out of Lycoming County in the Bradford County criminal information; the Commonwealth improperly

withheld **Brady** information; ineffective assistance of counsel based upon the insufficiency of the evidence to support his convictions and counsel's failure to prepare a defense and preserve issues below; denial of his right to allocution prior to sentencing; violation of his Sixth Amendment right to counsel based on the trial court's appointment of plea counsel to represent him on direct appeal (thus precluding him from raising plea counsel's ineffectiveness on direct appeal); inaccuracies in the lower court's orders as reflected in the certified record; ineffectiveness of PCRA counsel appointed to represent Padgett on his sixth PCRA petition; ineffectiveness of direct appeal counsel based upon his failure to file a petition for allowance of appeal to the Pennsylvania Supreme Court; that his guilty plea to the Bradford County rape was not knowing, voluntary and intelligent; and the 1997 search and seizure effectuated of Padgett's home was done without probable cause or a lawful warrant. **See** Padgett's Brief at 12-43; PCRA Petition, 8/30/13, ¶¶ 24-110. He includes a claim at the beginning of his brief that he satisfied the exception to the PCRA's timeliness requirement, as the above arguments constitute government interference and newly discovered facts that could not have been discovered with the exercise of due diligence. Padgett's Brief at 6; PCRA Petition, 8/30/13, ¶ 18.

We have carefully reviewed Padgett's appellate brief and the underlying PCRA petition. Nowhere in either filing does he indicate when he became aware of the information that provides the basis for his arguments.

Thus, assuming solely for the sake of this argument that any of the above information satisfies the time bar exceptions in subsections (b)(1)(i) and/or (ii), his failure to plead that he discovered the information within sixty days of the date he filed his latest PCRA petition leaves both the PCRA court and this Court without jurisdiction to address the substantive arguments raised. *See Williams*, 105 A.3d at 1239; *Ali*, 86 A.3d at 178; *Taylor*, 67 A.3d at 1248; 42 Pa.C.S.A. § 9545(b)(2).

Order affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015