J-S57036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WINSTON MCPHERSON | |
| Appellant | No. 1102 EDA 2015 |

Appeal from the PCRA Order entered April 1, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0409911-1995

BEFORE:  MUNDY, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 04, 2015**

Appellant, Winston McPherson, appeals *pro se* from the April 1, 2015 order entered in the Court of Common Pleas of Philadelphia County, denying as untimely his second petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Following review, we affirm.

The PCRA court provided the following procedural history:

> Following a jury trial on January 12, 1996, [Appellant] was convicted of first degree murder and possessing an instrument of crime.  [Appellant] was thereafter sentenced to life imprisonment on the murder conviction.  Following a direct appeal, the Superior Court affirmed the judgment of sentence on August 15, 1997.  [Appellant] did not seek *allocatur.*
>
> On May 27, 1998, [Appellant] filed a *pro se* PCRA petition and counsel was appointed.  On September 17, 1998, the PCRA court dismissed the petition.  The Superior Court affirmed the lower court's dismissal of [Appellant's] petition on February 9,

2000. The Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal on July 19, 2000.

On July 10, 2014, [Appellant] filed the instant *pro se* PCRA petition. On February 17, 2015, the PCRA court issued its notice of intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907. On April 1, 2015, the PCRA court dismissed [Appellant's] petition as untimely. On April 9, 2015, the instant notice of appeal was filed to the Superior Court.

PCRA Court Opinion, 4/21/15, at 1-2 (footnotes omitted).

Although Appellant provides a Statement of the Case that is essentially a verbatim restatement of the PCRA court's procedural history, he does offer additional factual background from his perspective within the Argument section of his Brief as follows:

The record in this matter clearly shows that [A]ppellant was offered a plea bargain of 8 to 20 years['] incarceration in exchange for a guilty plea to the crimes of third degree murder and related offenses. [A]ppellant, however, rejected the Commonwealth's offer to plead guilty to the aforementioned crimes based upon the faulty advice of trial counsel.

[A]ppellant's Affidavit attests to the fact that trial counsel advised him that he believed that the Commonwealth did not have the evidence to convict him and that he could "win" the case. Trial counsel provided [A]ppellant with incorrect or inaccurate advice with regard to the law on identification evidence.

Trial counsel failed to advise [A]ppellant of the strong likelihood that he would be convicted of murder and failed to explain to him the pros and cons of going to trial or pleading guilty. Had the trial counsel explained the law and the pros and cons of going to trial, [A]ppellant would have entered a guilty plea in exchange for a guaranteed sentence.

Clearly, [A]ppellant rejected the plea offer as a result of trial counsel's failure to properly advise him and/or discuss with him the chances for a successful result at trial based on the

Commonwealth identification evidence. Had trial counsel properly advised him, he would have taken the plea offer, the judge would have approved it and the deal would have been [more] favorable than the case's outcome.

Appellant's Brief at 11-12.

Appellant presents one issue for our consideration:

Is [A]ppellant entitled to post-conviction relief in the form of a new trial, the opportunity to enter a guilty plea or a remand for an evidentiary hearing since trial counsel was ineffective when he failed to properly and fully advise [A]ppellant with regard to a plea offer made by the prosecutor?

Appellant's Brief at 4.

This Court has explained that "[o]ur standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) (citations omitted).

Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final unless the petitioner proves an exception. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Further, any petition claiming an exception under § 9545(b)(1) must be filed within 60 days of the date the

claim could have been presented. 42 Pa.C.S.A. § 9545 (b)(2). "[T]he PCRA's timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (quoting *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003)).

Appellant's judgment of sentence became final on September 15, 1997, thirty days after this Court affirmed his judgment of sentence. Therefore, absent an exception, his petition filed on July 10, 2014 is facially untimely.

Appellant contends his petition is saved from the PCRA's time bar because "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States . . . after the time period provided in [§ 9545(b)(1)] and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, Appellant argues his petition is timely in light of the United States Supreme Court's decisions in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012), both of which were decided on March 21, 2012.

Even assuming *Lafler* or *Frye* provided a constitutional right exception under § 9545(b)(1), Appellant's July 10, 2014 petition would still be untimely because it was not filed on or before May 21, 2012, 60 days after those decisions were announced. Therefore, this Court has no jurisdiction over his petition. Further, Appellant would not be entitled to

relief even if a timeliness exception saved his petition.  In **Commonwealth**

**v. Feliciano**, 69 A.3d 1270 (Pa. Super. 2013), this Court concluded that:

> It is apparent neither **Lafler** nor **Frye** created a new constitutional right.  Instead these decisions simply applied the Sixth Amendment right to counsel, and the **Strickland**[1] test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment.  Accordingly, Appellant's reliance on **Frye** and **Lafler** in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing.

**Id.** at 1277.

Appellant's PCRA petition is untimely on its face and is not saved from

the PCRA time bar by any exception under § 9545(b)(1).  Therefore, this

Court, as well as the PCRA court, lacks jurisdiction to consider it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015

---

[1] **Strickland v. Washington**, 466 U.S. 668 (1984).