**Commonwealth v. Davis**

*Mark S. Smith,* for Commonwealth.
*Edward S. Blanarik Jr.,* for defendant.

BROWN JR., *S.J.,* January 8, 2008—Before the court is petitioner Charles Davis' post conviction collateral relief petition. After a thorough review of the record, the court is satisfied there are no genuine issues concerning any material fact.

By order dated June 21, 2007, the court informed petitioner of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. On July 5, 2007, the court received a pro se filing styled "response to Commonwealth's motion to summarily dismiss post conviction relief without hearing." The court determines petitioner raises no genuine issues concerning any material fact in his "response." The court will, therefore, proceed with its dismissal of petitioner's PCRA petition.

## DISCUSSION

In the above-captioned case, petitioner raises the issues of ineffective assistance of counsel, obstruction by government officials, prosecutorial misconduct and trial court error. The court appointed Edward Blanarik Esquire, to represent petitioner.

Any PCRA petition must be filed within one year of the date the judgment becomes final, unless petitioner alleges and proves one of the three exceptions provided in 42 Pa.C.S. §9545(b)(1). It is petitioner's burden to plead and prove one of the exceptions applies. *Commonwealth v. Beasley,* 559 Pa. 604, 741 A.2d 1258 (1999). PCRA timeliness requirements are jurisdictional, and, therefore, a PCRA court cannot hear an untimely filed petition. *Commonwealth v. Rienzi,* 573 Pa. 503, 827 A.2d 369 (2003).

Petitioner was sentenced on December 6, 2004, for the offense of simple assault to one year to two years of imprisonment, to be served consecutive to the sentence he was currently serving in a state correctional institution. Petitioner did not file a post-sentence motion with this court or a notice of appeal with the Pennsylvania Superior Court. Petitioner's judgment became final on December 6, 2004. Petitioner filed the above-captioned petition for post-conviction collateral relief on February 1, 2007, more than one year after his judgment of sentence became final. Additionally, petitioner failed to plead any of the exceptions to the timeliness requirement set forth at 42 Pa.C.S. §9545(b)(1). Therefore, petitioner's petition is untimely filed.

Accordingly, the following is entered:

## ORDER

And now, January 8, 2008, the following is hereby ordered:

Upon consideration of petitioner Charles Davis' petition for post conviction collateral relief, and after a

thorough review of the record in the above captioned case, the court determines there are no genuine issues concerning any material facts. The court further determines petitioner's PCRA petition is untimely. Therefore, said petition is dismissed.

Petitioner Charles Davis has the right to appeal from this order within 30 days from entry of this order.

The prothonotary is directed to submit a copy of this order to petitioner Charles Davis by certified mail, return receipt requested, pursuant to Pennsylvania Rule of Criminal Procedure 907(4).