J-S65039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS BENJAMIN ELLINGTON | |
| Appellant | No. 488 EDA 2015 |

Appeal from the PCRA Order January 7, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000058-2010
CP-45-CR-0001008-2009

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 05, 2016**

Appellant Thomas Benjamin Ellington appeals *pro se* from the order entered in the Monroe County Court of Common Pleas, which dismissed his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. On March 15, 2010, a jury convicted Appellant of possession of cocaine[2] and possession with intent to deliver cocaine[3] at Docket Number CP-45-CR-

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 Pa.C.S. § 780-113(a)(16).

[3] 35 Pa.C.S. § 780-113(a)(30).

0001008-2009.  On May 4, 2010, Appellant pled guilty to simple assault[4] for an incident that occurred on November 13, 2009, at docket number CP-45-CR-0000058-2010.  On May 25, 2010, the trial court imposed consecutive sentences of 1-2 years' incarceration for Appellant's simple assault conviction and 6-12 years' incarceration for his drug convictions.[5]  This Court affirmed his judgment of sentence on February 25, 2011.  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 3, 2012, Appellant filed a *pro se* PCRA petition and a *pro se* amended PCRA petition (collectively, "Appellant's first PCRA petition").[6]  On March 26, 2012, the PCRA court appointed counsel.  After conducting an evidentiary hearing on June 4, 2012, the PCRA court denied Appellant's first PCRA petition on October 2, 2012.  This Court affirmed the PCRA court order denying Appellant's first PCRA petition on November 8, 2013.  Our Supreme Court denied Appellant's petition for allowance of appeal for his first PCRA petition on July 8, 2014.[7]

---

[4] Pa.C.S. § 2701(a)(1).

[5] Appellant's convictions of possession of cocaine and possession with intent to distribute cocaine merged for sentencing purposes.

[6] The PCRA petition was 75 pages in length and asserted various ineffective assistance of counsel claims.  The amended petition, filed the same day, incorporated his original petition and additionally asserted a constitutional challenge to the Motor Vehicle Code.

[7] Our Supreme Court filed an order denying Appellant's petition for allowance of appeal on August 5, 2014.

On September 8, 2014, Appellant filed his second *pro se* PCRA petition, which is the subject of this appeal. On November 6, 2014, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 24, 2014, Appellant filed a response to the PCRA court's notice. On January 7, 2015, the PCRA court dismissed Appellant's petition.

On January 26, 2015, Appellant filed a timely notice of appeal. On February 10, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[8] Appellant timely complied on March 9, 2015.[9]

Appellant raises the following issues for our review:

> 1. WHETHER [APPELLANT'S] SECOND PCRA PETITION WAS UNTIMELY DESPITE HIS HAVING PROPERLY INVOKED AN EXCEPTION TO THE TIMEBAR WITHIN SIXTY (60) DAYS OF THE DATE THE CLAIM COULD HAVE BEEN PRESENTED?
>
> 2. WHETHER THE PCRA COURT ERRED AND MADE AN UNREASONABLE APPLICATION OF THE TIMELINESS STATUTORY EXCEPTIONS WHEN IT APPLIED A "MERITS ANALYSIS" TO [APPELLANT'S] SECOND PCRA PETITION?

---

[8] The PCRA court also ordered withdrawal of Appellant's prior PCRA counsel as counsel had not yet withdrawn from representing Appellant.

[9] On April 2, 2015, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

3. WHETHER THE PCRA COURT ERRED AND MADE AN UNREASONABLE FACTUAL DETERMINATION BY CONCLUDING THAT [APPELLANT] DID NOT PROPERLY PLEAD, PROVE AND PRESENT MR. SKUTNIK'S INEFFECTIVENESS IN CORRELATION TO/IN CONJUNCTION WITH MR. LABAR'S INEFFECTIVENESS BY SUGGESTING THAT MR. ELLINGTON FAILED TO LAYER HIS CLAIMS?

4. WHETHER THE PCRA COURT ABUSED ITS DISCRETION AND MADE AN UNREASONABLE FACTUAL DETERMINATION THAT MR. LABAR'S PERJURY WAS "FULLY EXAMINED?"

5. DID THE PCRA COURT ERR WHEN IT UNREASONABLY APPLIED AND DETERMINED THAT MR. ELLINGTON DID NOT PRESENT ANY GENUINE ISSUES OF MATERIAL FACT?

6. WHETHER THE PCRA COURT UNREASONABLY APPLIED THE "FAILURE TO AMEND/BRIEF A PRO SE PCRA" LINE OF CASES CONCLUDING THAT SUCH CASES PERTAIN ONLY TO PRO SE PCRAS DISMISSED WITHOUT A HEARING?

7. WHETHER MR. ELLINGTON'S CLAIMS OF TRIAL/PCRA COUNSEL'S INEFFECTIVENESS LACKED MERIT AND/OR WERE PREVIOUSLY LITIGATED AND THEREBY WAIVED?

8. WHETHER THE PCRA COURT ERRED IN NOT FINDING PCRA COUNSEL INEFFECTIVE FOR FAILING TO RAISE OTHERWISE MERITORIOUS ISSUES OR CONSIDERED TO HAVE RAISED AN ISSUE AT ALL GIVEN HIS FAILURE TO AMEND [APPELLANT'S] PRO SE PCRA PETITION OR BRIEF IT?

9. WHETHER [APPELLANT] IS NOW SERVING AN ILLEGAL, MANDATORY MINIMUM SENTENCE IMPOSED UNDER 18 PA.C.S.A. § 7508 IN LIGHT OF SEVERAL RECENT CASE DECISIONS DECLARING THE STATUTE "FACIALLY UNCONSITUTIONAL" BASED UPON THE HOLDINGS OF ***ALLEYNE V. U.S.***, ____ U.S. ____, 133 S.CT. 2151 (2013) AND ***COMMONWEALTH V. NEWMAN***, 99 A.3D 86 (PA.SUPER.2014) (en banc)?

Appellant's Brief at 4-5 (verbatim).

Additionally, Appellant raised the following issue is his supplemental brief:

> WHETHER THE UNITED STATES SUPREME COURT'S RECENT DECISION IN ***RODRIGUEZ V. UNITED STATES***, 13-9972 (2015) APPLIES HERE[, WHERE APPELLANT'S] CONSTITUTIONAL SHIELD AGAINST UNREASONABLE SEARCH AND SEIZURE WAS VIOLATED DURING THE ROUTINE TRAFFIC STOP THAT WAS CONTINUED AND DELAYED FOR PURPOSES OF BRINGING A DRUG INTERDICTION K-9 TO THE SCENE FOR AN INVESTIGATIVE SEARCH?

Appellant's Supplemental Brief at 1.

Before we address the merits of Appellant's claims, we must determine whether his PRCA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." ***Id.*** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011). With respect to timeliness under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); *see also* 42 Pa.C.S. § 9545.

Here, Appellant's judgment of sentence became final on March 28, 2011, when Appellant's time for seeking review with our Supreme Court expired.[10] *See Monaco, supra.* Therefore, he had until March 28, 2012 to timely file a PCRA petition. Thus, his second PCRA petition, filed September 8, 2014, is patently untimely.

This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

---

[10] This period would have expired on March 27, 2011. However, as March 27, 2011 fell on a Sunday, Appellant had until March 28, 2011 to file a petition for allowance of appeal to our Supreme Court.

> provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[11]

Here, Appellant fails to plead and prove any of the exceptions to the PCRA time bar. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016

_____

[11] On page 12 of his brief, Appellant contends his petition is properly before us because he filed his second PCRA petition within sixty days of our Supreme Court's denial of his petition of allowance of appeal for the order denying his first PCRA petition. Filing a timely PCRA petition, however, does not toll the period for filing a subsequent PCRA petition. *See* ***Commonwealth v. Rienzi***, 827 A.2d 369, 371 (Pa.2003) ("the PCRA jurisdictional time limitation is not subject to equitable principles such as tolling.") (citation omitted).