J. A06006/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH D. MARCY, | : | |
| | : | |
| Appellee | : | |
| | : | No. 995 MDA 2015 |

Appeal from the Order Entered May 20, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000671-2010

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                     **FILED JULY 01, 2016**

The Commonwealth appeals from the Order entered in the Luzerne County Court of Common Pleas granting Appellee, Joseph D. Marcy, a new trial based on a recantation claim pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-9546. After careful review, we conclude that the PCRA court improperly granted Appellee's PCRA Petition because Appellee had knowledge of the victim's recantation in 2012 and did not raise it until 2014. Thus, not only did Appellee waive the recantation claim, but also the PCRA court lacked jurisdiction to hear the recantation claim. Accordingly, we reverse the PCRA court's Order, and reinstate Appellee's Judgment of Sentence.

**Procedural Background**

The underlying convictions stemmed from Appellee's repeated sexual abuse of his daughter ("D.M.") (D.O.B. March 2003) that occurred over the course of approximately eighteen months when she was five and six years old. On February 17, 2011, a jury convicted Appellee of Rape of a Child, two counts of Involuntary Deviate Sexual Intercourse with a Child, Aggravated Indecent Assault of a Child, and Indecent Assault of a Person Less than 13 years of age.[1] The trial court sentenced Appellee to a term of 20 to 40 years' incarceration.

Appellee filed a direct appeal. While the appeal was pending, Appellee filed *pro se* PCRA Petitions on May 13, 2011 ("First PCRA Petition") and June 19, 2012 ("Second PCRA Petition"). The Second PCRA Petition alleged ineffectiveness of counsel and attached numerous exhibits, including a letter informing the Appellant that the victim had recanted ("Recantation Letter"). The letter, which is dated February 14, 2012, states:

> To whom it may concern:
>
> My name is Kimberly Marth and I am writing on behalf of Joseph Marcy who is currently incarcerated after being convicted of sex crimes against his daughter. I am writing this letter in light of things told to me and several other people that, [D.M.], had not told the truth in her testimony at trial against her father and that certain acts of the abuse in fact did not happen at all. She had just "made them up and doesn't know why[.]" D.M.

---

[1] 18 Pa.C.S. § 3121(c); 18 Pa.C.S. § 3123(b); 18 Pa.C.S. § 3125(a)(7); and 18 Pa.C.S. § 3126(a)(7), respectively.

> also expressed that she is very sorry for doing this and is also ready to tell the truth. If there are questions I can be reached at 570-760-8178.
>
> > Sincerely,
> >
> > Kimberly Marth

Although the letter clearly notified Appellee that the victim had recanted, Appellee did not allege a claim for recantation in the Second PCRA Petition. Rather, Appellee just attached the letter as an exhibit along with other documents.

On July 9, 2012, the PCRA court properly dismissed these PCRA Petitions as premature because Appellee's direct appeal was still pending.

On July 27, 2012, this Court affirmed Appellee's Judgment of Sentence. ***Commonwealth v. J.D.M.***, No. 1786 MDA 2011 (Pa. Super. filed July 27, 2012) (unpublished memorandum). Appellee did not file a Petition for Allowance of Appeal with our Supreme Court. His Judgment of Sentence thus became final on August 27, 2012.[2] 42 Pa.C.S. § 9545(b)(3).

After the Prothonotary returned the record of the direct appeal to the Court of Common Pleas, the trial court, *sua sponte* and without any legal authority, reinstated the Second PCRA Petition and appointed counsel on October 15, 2012.

On March 15, 2013, with the permission of the PCRA court, counsel filed a "Supplement to PCRA Petition." Since the trial court had no authority

---

[2] August 26, 2012, was a Sunday. 1 Pa.C.S. § 1908.

- 3 -

to reinstate the Second PCRA Petition *sua sponte*, the reinstatement was a legal nullity and we will re-designate the Supplement as the "Third PCRA Petition." ***See Commonwealth v. Porter***, 35 A.3d 4, 12 (Pa. 2012) (citing Pa.R.C.P. 126 and holding "[m]isdesignation does not preclude a court from deducing the proper nature of a pleading").

Appellee filed the Third PCRA Petition on a timely basis because Appellee filed it within one year of the date his Judgment of Sentence became final. 42 Pa.C.S. § 9545(b)(1).

In the Third PCRA Petition, Appellee asserted numerous claims of ineffectiveness of counsel, including that counsel had been ineffective for failing to hire a medical expert. Appellee, however, did not raise the recantation claim in the Third PCRA Petition.

It was not until May 23, 2014, more than 20 months after Appellee's sentence became final, that Appellee first asserted the recantation claim when Appellee's counsel filed an "Additional Supplement" to PCRA Petition. It should also be highlighted that Appellee's counsel never requested leave from the court to file the "Additional Supplement."

The PCRA court conducted a hearing on September 25, 2014, and February 19, 2015, on the Third PCRA Petition and "Additional Supplement."

Appellee, his medical expert, his trial counsel, and the then eleven-year-old victim testified. The victim recanted her trial testimony, but also testified that she did not know why she had said what she said at trial or

- 4 -

how she had learned to say what she had said at trial. The victim testified that she was living with Appellee's mother and with her own adoptive-mother, who has a close relationship with Appellee. N.T., 2/19/15, at 27-58.

On May 20, 2015, the PCRA court granted Appellee a new trial on the grounds that he found the victim's recantation testimony credible.[3] The PCRA court, however, dismissed the claims based on ineffectiveness and constitutional violations. Trial Court Opinion, 5/20/15, at 2, 3, 6-9.

The Commonwealth timely appealed, raising the following issue:

> Whether the Court abused its discretion when it granted a new trial based upon the incredible allegations of recanted testimony.

Appellant's Brief at 4.

**Appellee Failed to Raise the Recantation Claim in His Second PCRA Petition.**

Although Appellee attached the Recantation Letter to his Second PCRA Petition, he did not even mention a recantation claim in the Petition itself. Because a petitioner must clearly allege the basis for a PCRA claim in the Petition in order to obtain review, Appellee failed to raise the recantation claim in the Second PCRA Petition. 42 Pa.C.S. § 9543(a); ***see also Commonwealth v. Elliott***, 80 A.3d 415, 430 (Pa. 2013) (finding waiver where petitioner failed to present precise ineffectiveness claim in original

---

[3] In light of the waiver and jurisdictional problems in this case, we will not address whether the trial court abused its discretion in finding the victim's recantation testimony credible.

PCRA petition and petitioner failed to obtain PCRA court's permission to amend his petition). Thus, the Second PCRA Petition did not give rise to a valid recantation claim for the PCRA court to consider.

Additionally, the PCRA court had no legal basis to reinstate the Second PCRA Petition after the PCRA court had dismissed it and its reinstatement of the Second Petition was improper. There is no authority in the PCRA statute or in our case law authorizing such an *ad hoc* equitable procedure. ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011).

Therefore, the Second PCRA Petition does not set forth a viable recantation claim for the PCRA court to review.

**Appellee Waived the Recantation Claim By Waiting to Raise It Until He Filed the "Additional Supplement" and Not Raising It in the Third PCRA Petition.**

The PCRA is clear that a petitioner has waived an issue if the petitioner could have raised the issue in a prior PCRA proceeding. 42 Pa.C.S. § 9544(b). Although Appellee was aware of his recantation claim in 2012 when he attached the Recantation Letter to his Second PCRA Petition, he failed to raise the recantation claim in his Third PCRA Petition that he filed in 2013. Rather, he waited until he filed the "Additional Supplement" in 2014 to raise the recantation issue. Since Appellee could have raised the recantation claim in the Third PCRA Petition and failed to do so, he waived his right to have the court review the merits of the claim.

**Appellee Failed to File the "Additional Supplement" In a Timely Basis, So the Trial Court Lacked the Jurisdiction to Review the Claims In It.**

The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of a claim raised if the petitioner does not file the PCRA Petition in a timely manner. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). This is to "accord finality to the collateral review process." *Id.*

Under the PCRA, any PCRA Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1).

Appellee's Judgment of Sentence became final on August 27, 2012, so the PCRA required Appellee to assert all claims by August 27, 2013. Appellee, however, waited to raise his recantation claim until he filed the "Additional Supplement" to the Third PCRA Petition, which he filed on May 23, 2014. Thus, Appellee raised his recantation claim more than one year after his Judgment of Sentence became final and the claim is patently untimely.

Although the PCRA permits a petitioner to file a PCRA Petition beyond the one-year time frame in certain circumstances, Appellee did not plead or

prove an exception to the one-year time bar in the lower court and waived the right to assert it now. It is doubtful, however, that the PCRA court would have found an exception to apply because Appellee knew about the Recantation Letter for more than two years before asserting a recantation claim in the "Additional Supplement."

Additionally, Appellee cannot avoid the one-year time bar by filing new claims in an untimely supplement to the PCRA Petition. In other words, although the Third PCRA Petition was timely, the "Additional Supplement" was not. Appellee cannot bring to life claims that are time barred by raising them in a supplement to a timely PCRA Petition. *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003).

**Appellee Failed to Request Leave of Court to File the Additional Supplement and Thus, Waived the Claims Raised In It.**

Even if Appellee had filed the "Additional Supplement" within the one-year time period, Appellee failed to file it properly and waived all of the claims set forth in it.

Pennsylvania Rule of Criminal Procedure 905 explicitly provides that a petitioner may only amend a PCRA Petition by direction or leave of the PCRA court. Pa.R.Crim.P. 905; *Porter*, 35 A.3d at 12. Therefore, before a petitioner may amend a PCRA Petition, a petitioner must seek and obtain leave to amend because amendments to a PCRA Petition are not "self-authorizing." *Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014) (quoting *Porter*, 35 A.3d at 12); *see also Commonwealth v.*

- 8 -

***Mason***, 130 A.3d 601, 621 n.19 (Pa. 2014) (amendment only permitted by "explicit" direction or leave of court).

Our appellate courts have "condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such supplements are subject to waiver." ***Commonwealth v. Reid***, 99 A.3d 470, 484 (Pa. 2014) (finding claims raised in unauthorized supplemental petitions waived despite trial court entertaining and ruling on claims); ***see also Commonwealth v. Elliott***, 80 A.3d 415, 430 (Pa. 2013) (holding that claim alleging trial counsel's ineffectiveness is waived because it wasn't included in PCRA Petition and PCRA court did not give permission to amend PCRA petition).

Where the PCRA court entertains and addresses a petitioner's numerous PCRA filings and claims, the petitioner has waived the issues raised in a PCRA Petition unless the petitioner can "identify where in the record the supplemental petitions were authorized and/or … reconstruct the record if such authorization was provided off the record." ***Reid***, ***supra*** at 484.

In this case, Appellee filed the Additional Supplement without first obtaining the leave of court. Accordingly, we find that Appellee waived his victim recantation claim for asserting it in a supplement without leave of court.

**Conclusion**

Based on the foregoing, we conclude that the PCRA court erred as a matter of law in granting Appellee's PCRA Petition on the recantation claim. Appellee not only waived the recantation claim by failing to raise it in the Third PCRA Petition, but also asserted it beyond the one-year time period and thus, the PCRA court lacked jurisdiction to consider it. Accordingly, we reverse the Order of the PCRA court granting Appellee a new trial and we reinstate Appellee's Judgment of Sentence.

Order reversed. Judgment of Sentence reinstated. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2016