J-S41029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAMEL LEROY JONES | |
| Appellant | No. 1869 MDA 2016 |

Appeal from the PCRA Order October 4, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005363-2000

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:              **FILED JUNE 12, 2017**

Shamel LeRoy Jones appeals, *pro se*, from the order, entered in the Court of Common Pleas of York County, denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  Upon review, we affirm.

On March 12, 2004, Jones was sentenced to an aggregate term of 18 to 40 years' incarceration after he pled guilty to attempted homicide and related offenses.  He did not file a direct appeal.  Jones subsequently filed multiple PCRA petitions, none of which were timely and all of which were denied.  Those PCRA orders he appealed were all affirmed.  The instant

_____

[*] Retired Senior Judge assigned to the Superior Court.

serial petition was filed on March 31, 2016, and was also denied as untimely. This appeal follows.

The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003). Thus, before we can address the merits of Jones' appeal, we must first determine whether his PCRA petition was timely filed. Here, Jones was sentenced on March 12, 2004, and did not file an appeal. Accordingly, Jones' judgment of sentence became final 30 days later, on April 11, 2004, when the time for taking a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.Crim.P. 720(A)(3). Jones had one year from that date, or until April 11, 2005, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition, including second or subsequent petition, must be filed within one year of date underlying judgment of sentence becomes final). Jones filed the instant petition on March 31, 2016, nearly 12 years after his judgment of sentence became final. Accordingly, Jones' petition was untimely unless he pled and proved one of the three statutory exceptions to the PCRA time bar.[1]

_____

[1] The statutory exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

- 2 -

Jones did not do so.[2]  Accordingly, the PCRA court lacked jurisdiction to entertain Jones' petition and properly dismissed it as untimely filed.

　　Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2017

*(Footnote Continued)* ———————————

　　　　(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

　　　　(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

[2] In his PCRA petition, Jones attempts to invoke the newly discovered fact exception to the time bar, in the form of a trial court order issued on July 14, 2016, granting him credit for time served.  However, a trial court order is not a "fact" capable of triggering the exception to the time bar under section 9545(b)(1)(ii).  **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) (rejecting newly-discovered-fact claim based upon judicial opinion and stating that "an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events.  The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.").