J-S38019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY KERMIT RANKIN | : | |
| | : | |
| Appellant | : | No. 1434 WDA 2017 |

Appeal from the PCRA Order August 29, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015802-2010

BEFORE: BOWES, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                              **FILED JULY 10, 2018**

Appellant Larry Kermit Rankin appeals *pro se* from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant asserts that he meets a timeliness exception because he was unaware of the order "dismissing" his first PCRA petition. Appellant seeks PCRA relief on the basis that he did not enter a valid guilty plea to third-degree murder and carrying a firearm without a license.[2] We affirm.

On September 12, 2011, Appellant pled guilty to the above crimes based upon an incident in which he shot and killed Keith Pack during a drug deal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(c) and 6106(a)(1), respectively.

Appellant was sentenced to an aggregate sentence of twenty-two-and-one-half to forty-five years' incarceration. Appellant did not file a direct appeal from his judgment of sentence.

On approximately August 14, 2012, the trial court received Appellant's *pro se* first PCRA petition.[3] Counsel was appointed, and after a series of extensions of time, on June 20, 2014, counsel filed an amended PCRA petition on Appellant's behalf. The amended PCRA petition raised several claims, including that (1) trial counsel was ineffective for failing to file a motion to withdraw Appellant's guilty plea; (2) trial counsel was ineffective for failing to order a mental health and competency hearing prior to Appellant's guilty plea; and (3) Appellant's guilty plea was not knowing and voluntary because he was not made aware of the maximum sentence for third-degree murder. Am. PCRA Pet., 6/20/14, at 6-7, 9.

The PCRA court ordered an evidentiary hearing on Appellant's first amended PCRA petition. Before an evidentiary hearing was held, however,

---

[3] There is some discrepancy regarding the date the petition was mailed and received and docketed by the court. Appellant asserts that he mailed the petition on May 31, 2012. *See* Amended Post Conviction Relief Act Pet., 6/20/14, at 2. The PCRA court indicated it received the petition "no later than August 14, 2012." *See* Order, 9/15/14. Although the initial PCRA petition does not appear on the docket, both dates specified by Appellant and the court were within one year of the date Appellant's judgment of sentence became final. Accordingly, Appellant's first PCRA petition was timely filed. *See* 42 Pa.C.S. § 9495(b)(1) (indicating that a PCRA petition must be filed within one year of the date the judgment becomes final).

Appellant requested that his PCRA petition be withdrawn, stating in a letter to counsel that he felt as though he was making the right decision to withdraw the matter after evaluating his situation. *See* Letter to PCRA Counsel, 3/18/15. Counsel filed a motion requesting to withdraw the matter, and the PCRA court entered an order granting the motion on April 24, 2015, which was mailed to counsel.

Appellant mailed the *pro se* PCRA petition[4] that gives rise to this appeal on May 27, 2017, and it was received and docketed on June 7, 2017. Appellant asserted that he was not notified of the order of April 24, 2015, which disposed of his first PCRA petition. Second PCRA Pet., 5/27/17, at 1, 3 (unpaginated). Appellant argued that because he was incarcerated, due diligence did not require him to discover the order, an item of public record, immediately. *Id.* at 2. However, Appellant did not indicate when he learned of the April 24, 2015 order. Appellant asserted that he is entitled to relief because he was incompetent to enter his guilty plea to third-degree murder and carrying a firearm without a license. *Id.* at 1.

On July 28, 2017, the PCRA court entered an order indicating the intent to dismiss Appellant's second PCRA petition as untimely pursuant to

---

[4] Although Appellant's first PCRA petition was withdrawn rather than dismissed, we consider the instant petition to be his second PCRA petition. *See Commonwealth v. Rienzi*, 827 A.2d 369 (Pa. 2003) (indicating that when a first PCRA petition has been withdrawn, a subsequent petition does not relate back to the first petition and is considered to be a second PCRA petition).

Pa.R.Crim.P. 907 and providing Appellant thirty days from the date of service to file a response. In the notice, the PCRA court indicated that "nowhere in his [second PCRA petition] does [Appellant] state when he knew of the April 24, 2015 [o]rder." Notice of Intention to Dismiss, 7/28/17, at 2.

Appellant mailed "Objections to Notice of Intention to Dismiss" dated August 27, 2017, which the court received and docketed on August 31, 2017. In his objection to the notice of intent to dismiss, Appellant asserted that counsel had withdrawn his first PCRA petition without his authorization. *See* Objs. to Notice of Intention to Dismiss, 8/27/17, at 1 (unpaginated). For the first time, Appellant indicated that he became aware that his first PCRA petition had been withdrawn on April 9, 2017. *See id.* at 3.

Meanwhile, on August 30, 2017, the PCRA court entered an order, dated August 29, 2017, which dismissed Appellant's second PCRA petition. Appellant mailed a letter dated September 9, 2017, which was docketed on September 19, 2017, which requested that the order dismissing the second PCRA petition be modified or rescinded.

Appellant filed a timely notice of appeal.[5] The PCRA court did not order a concise statement of errors complained of on appeal, and Appellant did not

_____

[5] We note that Appellant's notice of appeal was not docketed until October 2, 2017, in excess of the 30-day appeal period from the August 30, 2017 order dismissing his second PCRA petition. Nevertheless, the notice of appeal, including its certificate of service, was dated September 27, 2017, and the envelope the notice of appeal was mailed in bore the same date. If September 27, 2017, was the date Appellant placed the notice of appeal with prison

file one. The PCRA court complied with Pa.R.A.P. 1925(a) by including the reasons for dismissal in the Rule 907 notice of intent to dismiss filed on July 28, 2017. Appellant raises the following issues for review:

1. Did the PCRA court err in dismissing [the] second PCRA petition without a hearing, where [Appellant] was abandoned by first appointed PCRA counsel, and due to [a] breakdown in [the] court system Appellant was not notified of the denial of [the] first timely filed PCRA peti[t]ion?

2. Did the PCRA court err in dismissing [the] second PCRA raising governmental interference in the presentation of the claim, where a breakdown in the court system deprived a merits review of the claims raised in first timely filed PCRA petition?

3. Did the PCRA court err in dismissing [the] second PCRA petition without a hearing where Appellant was not competent to enter [a] guilty plea, and was induced to plead guilty by the ineffective assistance of counsel, due to Appellant's diminished mental capacity during [the] plea hearing?[6]

Appellant's Brief at 4.

Appellant's first two claims are closely related, and both deal with Appellant's assertion that he meets a PCRA timeliness exception. Thus, we address them together.

---

authorities for mailing, it was timely. ***See Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (stating that "[p]ursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing). Instantly, giving Appellant the benefit of the doubt, we accept the date of September 27, 2017, as the date of filing of the notice of appeal.

6 We have reordered Appellant's claims for ease of disposition.

Appellant concedes that his second PCRA petition was facially untimely. However, Appellant asserts that a breakdown in court operations occurred, since he was not mailed a copy of the order entered April 24, 2015, which disposed of his first PCRA petition.[7] Appellant's Brief at 10-11. Through this assertion, Appellant invokes the timeliness exception in 42 Pa.C.S. § 9545(b)(1)(i) involving interference of government officials in the presentation of his claim. *Id.* at 13-14. Additionally, Appellant invokes the newly discovered fact timeliness exception in subsection 9545(b)(1)(ii), arguing that the April 24, 2015 order was a newly discovered fact that was not previously known to him. *Id.* at 15. Appellant asserts that if he had known that the PCRA court had disposed of his first PCRA petition, then he would have exercised his right to an appeal in an attempt to have the merits of his claim considered that he was incompetent to enter a guilty plea. *See id.* at 13. Lastly, as to the requirement that a petition invoking a timeliness exception be filed within sixty days of the date the claim could be presented,

---

[7] Pennsylvania Rule of Criminal Procedure 907 provides that when a PCRA petition is "dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested." Pa.R.Crim.P. 907(4). However, Pennsylvania Rule of Criminal Procedure 905, which indicates that a "judge may grant leave to . . . withdraw a petition for post-conviction collateral relief at any time," provides no requirement of notifying the defendant via mail when a PCRA petition has been withdrawn. Pa.R.Crim.P. 905(A). Instead, Pa.R.Crim.P. 114 applies, and since Appellant was represented by counsel at the time the PCRA petition was successfully withdrawn, the PCRA court complied with Rule 114 by mailing notice of the April 24, 2015 order to Appellant's counsel. *See* Pa.R.Crim.P. 114(B)(1).

Appellant asserts that he filed his second PCRA petition within sixty days of the decision in **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017). **Id.** at 11.

Our standard of review of the denial of a PCRA petition is well-settled. We "review[] the PCRA court's findings of fact to determine whether they are supported by the record, and review[] its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Exceptions to the timeliness requirement exist, however, as set forth at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). The timeliness requirements of the PCRA are jurisdictional in nature, and, thus, a PCRA court cannot hear untimely petitions. **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003).

The three statutory exceptions for a facially untimely petition under the PCRA consist of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 7 -

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In **Burton**, the Pennsylvania Supreme Court held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) [of the PCRA] **does not apply** to *pro se* prisoner petitioners." **Burton**, 158 A.3d at 638 (emphasis in original). However, **Burton** emphasized that although facts may be unknown to a *pro se* prisoner, such a petitioner must nevertheless demonstrate that the information could not have been ascertained through the exercise of due diligence. **Id. Burton** did not establish a new constitutional rule that excuses the filing of an otherwise untimely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1)(iii).

Initially, we note that although Appellant frames the issue as a dismissal of his first PCRA petition, the first PCRA petition was actually withdrawn. The matter was concluded after the PCRA court granted Appellant's motion to withdraw the petition, a motion that Appellant had specifically requested in a letter to his counsel. Nothing in the record indicates that Appellant retracted his request to withdraw his first PCRA petition.

Appellant merely argued in his response to the notice of intent to dismiss the instant petition that his first PCRA petition was withdrawn without his consent. However, Appellant neither pled that he retracted his request to

- 8 -

have the first PCRA petition withdrawn, nor does he argue as much in his appellate brief. The record reveals that the April 24, 2015 order was served on Appellant's counsel. It strains credulity to believe that after Appellant specifically requested that his first PCRA petition be withdrawn that he was unaware of the outcome.

Based upon the foregoing, it is not possible for Appellant to establish that he exercised due diligence in "discovering" the April 24, 2015 order, the alleged abandonment by PCRA counsel, or the alleged government interference in preventing him from learning the outcome of his first PCRA petition.

Assuming Appellant was unaware that his first PCRA petition was successfully withdrawn, we note that Appellant did not file the instant PCRA petition within one year of the date his judgment became final, within sixty days of the order granting his request to withdraw his initial petition, or even within sixty days of the date he learned of the April 24, 2015 order. Here, Appellant filed the instant PCRA petition within sixty days of the decision in **Burton**, and Appellant has consistently argued that filing his second PCRA petition within sixty days of that decision met the requirement of 42 Pa.C.S. § 9545(b)(2). **See** Second PCRA Pet., 5/27/17, at 2; Appellant's Brief at 11.

It was not until Appellant's objections to the PCRA court's Rule 907 notice of intent to dismiss the second PCRA petition that Appellant specified the date he learned the April 24, 2015 order existed. Appellant only stated the date of April 9, 2017, as the date he learned of the withdrawal of his first

PCRA petition because the PCRA court's Rule 907 notice indicated that he had not specified such a date. Moreover, we note that Appellant filed a request for a docket sheet on September 15, 2016. Despite the docket sheet revealing that the motion to withdraw the first PCRA petition was granted on April 24, 2015, Appellant did not file his second PCRA petition for more than eight months after the request for the docket sheet was filed.

Thus, even giving Appellant the benefit of the doubt that he was initially unaware of the April 24, 2015 order, Appellant nevertheless fails to plead and prove either the governmental interference or the newly discovered fact timeliness exception. Accordingly, the PCRA court properly dismissed Appellant's untimely second PCRA petition without a hearing.[8] ***See Spotz***, 84 A.3d at 311.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2018

---

[8] Because we have disposed of this matter on timeliness grounds, we are unable to reach Appellant's third claim regarding whether he was competent to enter his guilty plea. ***See Robinson***, 837 A.2d at 1161.