J-S62005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
THADDEUS SAUNDERS :
:
Appellant : No. 2878 EDA 2017

Appeal from the PCRA Order August 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1221151-1974

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:            **FILED NOVEMBER 19, 2018**

Thaddeus Saunders appeals from the order, entered in the Court of
Common Pleas of Philadelphia County, denying his petition filed pursuant to
the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After
review, we affirm.

On June 9, 1975, a jury convicted Saunders of murder of the second
degree, robbery, and conspiracy; the trial court sentenced him to life
imprisonment on September 16, 1975.[1]   Our Supreme Court affirmed

---

[1] Saunders was 19 years old at the time he committed murder, robbery and
conspiracy.

Saunders' judgment of sentence on December 1, 1977.[2] **Commonwealth v. Saunders**, 380 A.2d 361 (Pa. 1977).

On August 20, 2012, Saunders filed a PCRA petition alleging that his sentence was unconstitutional under **Miller v. Alabama**, 567 U.S. 460 (2012). On April 3, 2017, Saunders amended his petition, asking the PCRA court to afford **People v. House**, 72 N.E.3d 357 (Ill. App. Ct. 2015), full faith and credit, and honor its judgment in his case. On May 11, 2017, the PCRA court informed Saunders of its intention to dismiss his petition. On August 22, 2017, the PCRA court dismissed Saunders' petition as untimely. On appeal, Saunders raises one issue for our review:

> Would the timeliness of [Saunders' PCRA] petition have been a moot point if the PCRA court had not erred by failing to apply the []full faith and credit clause[] of the [United States] Constitution to grant [Saunders] relief pursuant to **People v. House**, [], which extended the age of a juvenile to 19 under **Miller v. Alabama**, 567 U.S. 460 (2012), since **Miller** was deemed retroactive in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016)?

Brief of Appellant, at 7.

Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including

---

[2] **See** Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1975), modified by Supreme Court Rule 73 of 1975, reenacted at 42 Pa.C.S.A. § 722. Prior to the Act of September 23, 1980, P.L. 686, No. 137, § 1, effective November 22, 1980 (Act 137 of 1980), section 722 of the Judicial Code included among the classes of cases within the Supreme Court's exclusive jurisdiction, under the former version of its subsection (1), "Felonious homicide."

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "[Our Supreme] Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003); *see also Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (stating that PCRA petition cannot be addressed unless PCRA court has jurisdiction, and jurisdiction does not exist if PCRA petition is untimely filed). In addition, "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Ligons*, 971 A.2d 1125, 1164 (Pa. 2009) (citation and brackets omitted); *see also Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) ("[A] court has no authority to extend filing periods except as the [PCRA] statute permits").

Saunders' judgment of sentence became final on or about March 1, 1978, ninety days after our Supreme Court affirmed his judgment of sentence. *See* U.S.Sup.Ct.R. 13 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Therefore, the present petition, filed on August 20, 2012, thirty-four years after his judgment of sentence became final, is patently untimely.

Because Saunders' petition was untimely, he was required to plead and prove any of the three statutory exceptions to the one-year time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, the only issue addressed by the PCRA court was whether Saunders' petition satisfied the PCRA's timeliness exception for a new constitutional right of retroactive effect, 42 Pa.C.S.A. § 9545(b)(1)(iii), based on the United States Supreme Court decision in *Miller*, *supra*. The PCRA court concluded that this case does not establish a time-bar exception. Even so, Saunders was 19 years old when he committed the offense, and therefore *Miller v. Alabama*, which applies to "those under the age of 18 at the time of their crimes," *id.* at 460, would not have benefitted him.

In an effort to circumvent the PCRA's time bar, Saunders has asked this Court to apply the Full Faith and Credit Clause of the United States Constitution to enforce *People v. House*, which he argues extends *Miller v. Alabama* to defendants who, like him, were nineteen years old when they committed their crimes. Saunders' full faith and credit argument is meritless.

The United States Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State." U.S. Const. art. IV, § 1. However, the full faith and credit clause does not require Pennsylvania to follow judgments of lawsuits to which it is not a party. *Martin v. Wilks*, 790 U.S. 755, 762 (1989) ("A judgment or decree among parties to a lawsuit resolves issue among them, but it does not conclude the rights of strangers to those proceedings.").

- 4 -

Moreover, the ruling in **House** does not extend to **Miller v. Alabama**, which invalidated mandatory life without parole sentences for juveniles under the Eighth Amendment. Rather, it extended **People v. Miller**, 718 N.E.2d 300 (Ill. 2002), which held that mandatory life without parole sentences for juveniles were unconstitutional under the proportionate penalties clause of the Illinois Constitution. **House**, 72 N.E.3d at 384-85, 389. Notably, the Commonwealth was not a party to that case. Therefore, **House** does not apply to Saunders' PCRA petition because it is not based on a Pennsylvania or United States constitutional right. **See Baker v. General Motors Corp.**, 522 U.S. 222, 238-39 (1998) (finding that Michigan had no authority to issue decrees binding non-parties in other states). Accordingly, we affirm the PCRA court's dismissal of Saunders' petition as untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/18

- 5 -