J-S16034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JARROD R. MILLER, | : | |
| | : | |
| Appellant | : | No. 1845 MDA 2018 |

Appeal from the PCRA Order Entered October 23, 2018
in the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0004531-2016

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 16, 2019**

Jarrod R. Miller ("Miller") appeals, *pro se*, from the denial of his second

Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court provided the relevant factual and procedural history as

follows:

> On April 11, 2016, at approximately 5:49 p.m., [Miller]
> crashed his vehicle into another vehicle[,] killing one of its
> occupants, Sandra Yvonne Howard.  At the scene of the crash,
> [Miller] failed a field sobriety test.  Additionally, a portable breath
> test indicated the presence of alcohol on [Miller's] breath.  Upon
> waiving his rights under **Miranda**[2], [Miller] admitted to the police
> that he was incapable of safely operating his vehicle because he
> had been drinking alcohol prior to the crash.
>
> [Miller] was charged [] with: (1) homicide by vehicle while
> under the influence of alcohol or controlled substance; (2) driving
> under the influence of alcohol or controlled substance[—general
> impairment]; (3) driving under the influence of alcohol or

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

controlled substance[—controlled substances]; (4) driving under the influence of alcohol or controlled substance[—controlled substances]; (5) recklessly endangering another person; (6) homicide by vehicle; (7) driving on roadways laned for traffic; (8) driving vehicle at safe speed; (9) careless driving; (10) careless driving—unintentional death; and (11) reckless driving.[3]

Kathryn Bellfy, Esquire, represented [Miller] during trial proceedings. Ultimately, Attorney Bellfy assisted [Miller] with negotiating a plea [] for Counts 1, 4, 5, 6, and 9. On December 30, 2016, the trial court accepted [Miller's] plea and sentenced him as follows: five [] to ten [] years [] [in prison] in a State Correctional Institution for Count 1; one [] to two [] years [in prison] for Count 5, which runs concurrently with Count 1; and two [] years and nine months to seven [] years [in prison] for Count 6, which runs consecutively to the sentence imposed for Count 1. [Miller's] aggregated sentence is seven [] years and nine months to seventeen [] years [in prison]. Counts 4 and 9 merge for sentencing purposes. The Commonwealth *nolle prossed* all remaining counts.

[Miller] declined to file a petition seeking to withdraw his plea and a direct appeal to the Superior Court. On April 28, 2017, [Miller], *pro se*, timely filed his first [P]etition pursuant to the [PCRA], [] alleging ineffective assistance of counsel. On June 7, 2017, [the c]ourt granted [Miller] *in forma pauperis* status and appointed Christopher D. Moore, Esquire, to represent [Miller] in PCRA proceedings. On July 21, 2017, Attorney Moore filed a Motion requesting an evidentiary hearing and an extension of time within which to amend [Miller's] *pro se* filing. On August 28, 2017, [the c]ourt scheduled a PCRA hearing to convene on November 21, 2017. Attorney Moore did not appear on November 21, 2017, due to a scheduling conflict and the PCRA hearing was subsequently moved to November 28, 2017. The PCRA court convened a hearing on November 28, 2017. … [Miller], represented by Attorney Moore, appeared in person. [Miller] conferred with his counsel prior to the start of the hearing and after consultation with counsel, [Miller] moved to withdraw his PCRA Petition and the hearing was cancelled.

---

3 ***See*** 75 Pa.C.S.A. §§ 3735(a), 3802(a)(1), 3802(d)(2), 3802(d)(3); 18 Pa.C.S.A. § 2705; 75 Pa.C.S.A. §§ 3732, 3309(1), 3361, 3714(a), 3714(b), 3736.

On September 10, 2018, [Miller], *pro se*, filed [the instant] PCRA Petition[,] alleging plea counsel's ineffectiveness for endorsing [Miller's] plea to charges that trigger double jeopardy and the imposition of an illegal sentence. Further, [Miller] requested *in forma pauperis* status and the appointment of counsel.

PCRA Court Opinion, 10/23/18, at 15-18 (emphasis added; unnecessary capitalization omitted) (footnotes omitted).[4] On October 23, 2018, the PCRA court denied Miller's second Petition as being untimely filed. Miller filed a timely Notice of Appeal on October 29, 2018.

On appeal, Miller raises the following claim for our review:

The [PCRA court] was in error for its denial of [Miller's] PCRA [Petition] without hold [*sic*] a hearing at the least to address the issues. The court use [*sic*] a rubber stamp reason for [its] decision. Time-Barred [*sic*]. Not all issues[,] as this court is aware[,] are time-barred and the merits of the argument need to be entertained in order that justice is fair and equal.

Brief for Appellant at 4.

In reviewing an order denying a PCRA petition, this Court's standard of review is limited to "whether the [PCRA] court's legal conclusions are correct and whether its factual findings are clearly erroneous." ***Commonwealth v. Edwards***, 177 A.3d 963, 970 (Pa. Super. 2018).

Section 9545 of the PCRA expressly states that a PCRA petition, "including a second or subsequent petition, shall be filed within one year of

---

[4] We note that Miller was appointed counsel for his first PCRA Petition. We further note that although Miller's first Petition was withdrawn, the instant Petition does not qualify as an amended first petition entitling Miller to the appointment of counsel. ***See Commonwealth v. Rienzi***, 827 A.2d 369 (Pa. 2003) (providing that a second, untimely PCRA petition should not be treated as an amendment to a timely, but withdrawn, first petition).

the date the judgment becomes final." 42 Pa.C.S.A. § 9545. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review, or at the expiration of time for seeking the review. *Id.* at § 9545(b)(3). "Our courts have strictly interpreted this requirement as creating a jurisdictional deadline." ***Commonwealth v. Jackson***, 30 A.3d 516, 522 (Pa. Super. 2011). A court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Miller was sentenced on December 30, 2016 and did not file a direct appeal. Accordingly, Miller's judgment of sentence became final on January 29, 2017. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Under the PCRA, Miller had until January 29, 2018, to file a timely PCRA petition. Miller filed the instant Petition on September 10, 2018. Thus, Miller's Petition is facially untimely.

Nonetheless, Pennsylvania courts may consider untimely petitions if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking such an exception must be filed within 60 days of the date the claim could have been presented. ***Id.*** § 9545(b)(2). Additionally, a claim that an exception is available must be made in the petition and cannot be raised for the first time on appeal. ***See*** Pa.R.A.P. 302 (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

On appeal, Miller attempts to invoke two exceptions to the PCRA's time-bar.[5]  First, Miller attempts to invoke Section 9545(b)(1)(i), which provides an exception where the "failure to raise the claim previously was the result of interference by government officials…."  ***See*** Brief for Appellant at 7.  Miller fails to specify any sort of interference committed by a government official and, instead, asserts that his plea deal was illegal because the crimes should have merged for sentencing.  ***See id.***

Second, Miller attempts to invoke Section 9545(b)(1)(ii), which provides an exception where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of reasonable due diligence…."  ***See*** Brief for Appellant at 8.  Miller claims that his Petition would have been timely filed if it were not for his assumption that the Commonwealth's witnesses were honest in their testimony.  ***Id.***  According to Miller, on an unspecified date, he learned that the Commonwealth's witnesses perjured themselves by accepting a deal with the Commonwealth, yet denied the existence of a deal at the sentencing hearing.  ***Id.***  Therefore,

---

[5] We note that Miller's Brief also includes arguments that he was "illegally sentenced twice for a single act and in part [*sic*] causing double jeopardy to be forced upon him" and that his plea counsel was "ineffective for not informing [him] of the illegal offer by the state and not informing the court as well."  Brief for Appellant at 9-11.  These arguments were not included in Miller's Statement of Questions and, therefore, are waived.  ***See*** Pa.R.A.P. 2116(a) (stating that "no question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); ***see also id.*** at 2116(b) (requiring that challenges to the discretionary asepcts of a sentence shall be included in the statement of questions and that a "[f]ailure to [do so] shall constitute a waiver of all issues relating to the discretionary aspects of sentence.").

Miller argues, Section 9545(b)(1)(ii) is satisfied, as the witnesses' perjury constituted an unknown fact which could have only been discovered by a distrust of the Commonwealth's witnesses, and an assumption of dishonesty is not required in the exercise of due diligence. *Id.*

Before addressing the merits of Miller's timeliness arguments, we draw attention to the fact that he did not raise any of the exceptions to the PCRA's time-bar before the PCRA court. *See* PCRA Court Supplemental Opinion, 12/3/18, at 2 (stating that Miller "declined to raise the time[-]bar exception before the PCRA court. Because these issues are raised for the first time on appeal, we conclude that Miller is precluded from invoking either exception. *See* Pa.R.A.P. 302(a), *supra*. Consequently, Miller's Petition was properly denied for being untimely filed.

Even if Miller were not precluded from invoking an exception to the PCRA's time-bar, Miller fails to establish either exception. First, Miller failed to develop any meaningful argument to substantiate, or even identify, any alleged interference by a government official. *See Commonwealth v. Lambert*, 765 A.2d 306, 353 (Pa. Super. 2000) (refusing to consider the merits of issues summarily characterized as valid claims and which are not properly developed or supported in a brief). Second, Miller failed to recognize that the exception at Section 9545(b)(1)(ii) only pertains to newly-discovered facts *upon which the underlying claim is predicated*. The merits of Miller's Petition relate to ineffective assistance of plea counsel and the legality of his sentence. *See* Motion for Post Conviction Collateral Relief, 9/10/18

- 6 -

(unnumbered). Neither of these is affected by the existence of an alleged deal between the Commonwealth and its witnesses.  Accordingly, Miller has failed to establish an exception to the PCRA's timeliness requirements.

Based upon the foregoing, we find that Miller's Petition was untimely filed and we affirm the Order of the PCRA court.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/16/2019