J-A12028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES OWEN MCKAHAN | : | |
| | : | |
| Appellant | : | No. 1775 WDA 2019 |

Appeal from the PCRA Order Entered November 7, 2019
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0000147-2015

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                      **FILED JULY 06, 2020**

Appellant, Charles Owen McKahan, appeals *pro se* from the order entered in the Fayette County Court of Common Pleas, which dismissed his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On April 2, 2015, Appellant entered an open guilty plea to driving under the influence of alcohol ("DUI") general impairment, driving while operating privilege is suspended or revoked, and other summary traffic offenses.  On May 20, 2015, the court sentenced Appellant to eighteen (18) months to five

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

(5) years' imprisonment for the DUI conviction. The court imposed a consecutive term of ninety (90) days' imprisonment for driving with a suspended license, with no further penalties for the remaining summary offenses.[2] This Court affirmed the judgment of sentence on June 13, 2016, and Appellant did not seek further review with our Supreme Court. *See*

***Commonwealth v. McKahan***, 153 A.3d 1107 (Pa.Super. 2016) (unpublished memorandum).

Appellant timely filed a *pro se* PCRA petition on April 3, 2017. The court appointed counsel and ordered the filing of an amended petition or "no merit" letter. Before appointed counsel took any action, Appellant filed a *pro se* motion to withdraw his PCRA petition on June 8, 2017. In his motion, Appellant asked to withdraw the petition so that he could pursue federal *habeas corpus* relief. The clerk of courts docketed Appellant's *pro se* motion and forwarded a copy to appointed counsel.

On July 27, 2017, appointed counsel filed a motion to withdraw the PCRA petition and to withdraw representation. Appointed counsel acknowledged Appellant had filed several motions in federal court, which were deemed premature. In light of Appellant's *pro se* request to withdraw the PCRA petition, as well as Appellant's failure to communicate with her, appointed counsel formally requested the withdrawal of the pending PCRA petition. (***See***

---

[2] The court also ordered Appellant's sentences to run consecutive to an unrelated DUI sentence Appellant was already serving.

Motion to Withdraw PCRA Petition and Representation, filed 7/27/17, at ¶¶ 6, 9). On August 8, 2017, the court entered an order that withdrew and dismissed the PCRA petition and permitted appointed counsel to withdraw her representation.[3]

On October 2, 2019, Appellant filed another *pro se* PCRA petition. Among other things, Appellant claimed his petition qualified for the newly recognized constitutional right exception to the PCRA time-bar, citing **Birchfield v. North Dakota**, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016). The court provided Pa.R.Crim.P. 907 notice of intent to dismiss on October 8, 2019. Appellant timely filed a *pro se* response, arguing the current PCRA petition must be considered an extension of the timely 2017 petition. On November 7, 2019, the court dismissed the PCRA petition.

Appellant timely filed a *pro se* notice of appeal on November 27, 2019. On December 10, 2019, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on December 30, 2019.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A

---

[3] Appellant submitted another *pro se* filing, styled as a motion to respond, which the clerk of courts docketed on August 9, 2017. In the filing, Appellant reiterated his request to withdraw the PCRA petition, explaining he "no longer desires to pursue his [PCRA] relief within this [c]ourt." (Motion, filed 8/9/17, at 1).

PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file the petition within the required statutory window. 42 Pa.C.S.A § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on July 13, 2016, upon the expiration of the 30-day period to file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a). Appellant filed the current petition on October 2, 2019, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Although Appellant attempted to invoke the "new constitutional right" exception to the PCRA time-bar (*see* 42 Pa.C.S.A. § 9545(b)(1)(iii)), our Supreme Court has decided that the holding in *Birchfield* does not apply retroactively on PCRA review. *See Commonwealth v. Olson*, ____ Pa. ____, 218 A.3d 863 (2019), *cert. denied*, 2020 WL 3038300.

Additionally, to the extent Appellant argues this petition is a proper extension of his 2017 petition, a withdrawn petition cannot be extended or

amended. ***See Commonwealth v. Rienzi***, 573 Pa. 503, 827 A.2d 369 (2003) (rejecting attempt to circumvent PCRA time-bar by treating second PCRA petition as amendment to first petition; explaining that after first petition is withdrawn, there is nothing pending before PCRA court that petitioner can amend). ***See also Commonwealth v. Robinson***, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003) (stating PCRA does not permit court "to innovate a non-textual exception to the PCRA's time-bar by indulging the fiction that a second or subsequent PCRA petition is an 'extension' of a previous petition"). Therefore, Appellant's petition remains time-barred. Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2020