J-S09034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES YELVERTON, | : | |
| | : | |
| Appellant | : | No. 688 EDA 2020 |

Appeal from the PCRA Order Entered February 3, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004563-1978,
CP-23-CR-0007473-1977, CP-23-MD-0004545-1978,
CP-23-MD-0004546-1978, CP-23-MD-0004549-1978,
CP-23-MD-0004550-1978, CP-23-MD-0004551-1978,
CP-23-MD-0004560-1978

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 4, 2021**

James Yelverton ("Yelverton") appeals from the Order dismissing his fifth Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 13, 1979, Yelverton was sentenced to serve an aggregate sentence of 21 to 42 years in prison following his convictions of eight counts of burglary and one count of rape.  This Court affirmed Yelverton's judgment of sentence on December 28, 1984, and Yelverton did not seek allowance of appeal with the Supreme Court of Pennsylvania.  ***See Commonwealth v. Yelverton***, 488 A.2d 1168 (Pa. Super. 1984) (unpublished memorandum).

Following multiple unsuccessful PCRA Petitions, Yelverton, *pro se*, filed the instant PCRA Petition, his fifth, on January 9, 2020.  On January 13, 2020,

the PCRA court filed its Pa.R.Crim.P. 907 Notice of intent to dismiss without a hearing.  On January 30, Yelverton filed a Motion in support of his *pro se* Petition with supporting evidence.  On February 3, 2020, the PCRA court dismissed Yelverton's Petition for being untimely filed.  Yelverton filed a timely Notice of Appeal, and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Yelverton's single *pro se* Notice of Appeal lists multiple trial court docket numbers.  On April 13, 2020, this Court issued a Rule to show cause as to why Yelverton's appeal should not be quashed in light of our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (stating that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case.").  In this case, the PCRA court's February 3, 2020, Order dismissing Yelverton's Petition states that Yelverton "has the right to appeal the decision of the [PCRA c]ourt. Such **appeal** must be in writing…."  Order, 2/3/20 (emphasis added). Accordingly, because the PCRA court indicated to Yelverton that a single notice of appeal would suffice, we decline to quash this appeal based on **Walker**.

*See Commonwealth v. Larkin*, 235 A.3d 350, 354 (Pa. Super. 2020)

(*en banc*).[1,2]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

Yelverton's underlying issue relates to his contention that the trial court

imposed an illegal sentence in 1979. Specifically, Yelverton asserts that the

_____

[1] In *Larkin*, this Court held that we may overlook the requirements set forth in *Walker* in cases where "a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." *Larkin*, 235 A.3d at 354. Specifically, the *Larkin* Court found that where the order informing Larkin of his appellate rights provided that he had thirty days "to file an appeal" the notice constituted a breakdown in the court system and quashal of the appeal was not necessary.

[2] Yelverton's Notice of Appeal contained nine typed docket numbers. However, eight of the nine docket numbers contained handwritten revisions, with one of the docket numbers being crossed out. *See* Notice of Appeal, 2/14/20. On October 2, 2020, this Court issued an Order directing Yelverton to show cause why his appeal should not be quashed for failure to list the proper trial court docket numbers pursuant to *Commonwealth v. Keys*, 460 A.2d 253 (Pa. Super. 1983) (quashing appeals as untimely filed because incorrect docket numbers were listed, and appellants failed to file a timely motion amending the notice of appeal). On October 30, 2020, this Court received correspondence indicating that the trial court had made the modifications to Yelverton's Notice of Appeal. On January 8, 2021, this Court issued an Order referring the issues raised in the April 13, 2020, and October 2, 2020, Orders to the merits panel. Our review of the record confirms that the appropriate certified records have been supplied to this Court. Because such error does not impede our review, we decline to quash on this basis.

trial court imposed two sentences of two to four years in prison at one of his criminal docket numbers, and imposed no sentence at a different docket number. Brief for Appellant at 1-4.[3] In support of this contention, Yelverton points to *Yelverton v. Kooker*, Civ. A. No. 89-7951 (E.D.Pa. 1990) (unpublished memorandum), wherein Yelverton had unsuccessfully brought a similar suit against a records official at the state prison in which Yelverton was housed. Brief for Appellant at 2-4. Yelverton claims that he overcomes the PCRA's timeliness requirements because he was unaware of our Supreme Court's decision in *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017), which, he claims, he could not have uncovered through the exercise of due diligence. Brief for Appellant at 3. In light of the foregoing, Yelverton requests a "full transcript" of his original sentencing proceedings, a new trial, and for the trial court to "be sanctioned for falsifying the official court docket numbers." *Id.* at 4.

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

---

[3] We note that Yelverton has not included a Statement of the Questions Involved section in his appellate brief. *See* Pa.R.A.P. 2116. However, this Court is able to discern his issue from the first page of his Argument section. *See* Brief for Appellant at 1.

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of an untimely petition. *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003).

Here, Yelverton's judgment of sentence became final on January 28, 1985, 30 days after this Court affirmed his judgment of sentence, and the time for filing a petition for allowance of appeal with the Supreme Court of had Pennsylvania expired. Because Yelverton filed the instant PCRA Petition on January 9, 2020, his Petition is facially untimely.[4]

Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Yelverton invokes the newly-discovered fact

---

[4] We note that since Yelverton's judgment of sentence became final prior to the effective date of 42 Pa.C.S.A. § 9545, Yelverton had until January 16, 1997, to file his first PCRA petition. However, because Yelverton filed the instant Petition on February 3, 2020, it is manifestly untimely.

exception,[5] which

> [r]equires that the facts upon which such a claim is predicated must not have been known to [the petitioner], nor could they have been ascertained by due diligence. To fall within this exception, the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly-discovered source.

**Commonwealth v. Shannon**, 184 A.3d 1010, 1015-16 (Pa. Super. 2018) (citations, quotation marks, and some brackets omitted). Further, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

Here, there is no indication that Yelverton has presented a "newly-discovered fact" for the purposes of an exception to the PCRA's time bar. Yelverton's underlying issue previously was raised by Yelverton, on numerous occasions, without success. **See generally** PHFA Court Opinion, 2/14/92, at

---

[5] Initially, Yelverton improperly referred to his claim as "after-discovered evidence" pursuant to 42 Pa.C.S.A. § 9543(a)(2). However, because Yelverton's PCRA Petition was untimely filed, Yelverton must invoke the newly-discovered facts exception to the PCRA's timeliness requirements to invoke our jurisdiction **See Burton**, 158 A.3d at 629 (reiterating that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S.[A.] § 9543(a)(2)."). Because Yelverton properly references the newly-discovered facts exception in his appellate brief, and this error has not impeded our review, we will address whether Yelverton has invoked our jurisdiction.

1-3; ***Yelverton v. Kooker***, ***supra***.[6]  Accordingly, Yelverton has not presented evidence that the potential sentencing issue was either previously unknown to Yelverton—in fact, the evidence of record indicates that Yelverton has been aware of this issue as far back as 1990—or that the "newly-discovered fact" is not simply a new source by which this fact could have been discovered. ***See Shannon***, ***supra***.

Because Yelverton has not successfully invoked an exception to the timeliness requirement, the PCRA court lacked jurisdiction to consider the merits of Yelverton's PCRA Petition.  ***See Rienzi***, ***supra***.  Accordingly, we affirm the PCRA court's Order dismissing Yelverton post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2021

---

[6] Additionally, we note that although Yelverton raises an issue related to the legality of his sentence, which can never be waived, claims related to the legality of sentence cannot be reviewed pursuant to an untimely PCRA petition.  ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).