J-S14033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN D. GEBHART | : | |
| | : | |
| Appellant | : | No. 1483 MDA 2020 |

Appeal from the PCRA Order Entered September 24, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007763-2009

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED: JUNE 14, 2021**

Steven D. Gebhart ("Gebhart") appeals, *pro se*, from the Order dismissing and denying his *pro se* "Emergency for Dismissal of Case," which the court properly treated as a serial Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 3, 2011, a jury convicted Gebhart of insurance fraud relating a fire in his barn.[2]  On December 21, 2011, the trial court sentenced

---

[1] "We have repeatedly held that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."  **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002).

[2] Gebhart was charged with additional offenses at docket number CP-67-CR-0005854-2008 ("No. 5854-2008"), which were severed for trial.  At No. 5854-2008, a jury found Gebhart guilty of deceptive business practices, theft by deception, and corrupt organization, after which the trial court sentenced him to an aggregate term of 52-104 months in prison, with credit for time served.

Gebhart to a term of 9 months to 5 years in prison, with credit for time served. The trial court also ordered Gebhart to pay restitution in the amount of $83,765.70 to Harleysville Insurance Company. Additionally, the trial court directed Gebhart's sentence to run consecutive to the sentence imposed at No. 5854-2008. Following an unsuccessful post-sentence Motion, this Court affirmed Gebhart's judgment of sentence. **Commonwealth v. Gebhart**, 68 A.3d 364 (Pa. Super. 2013) (unpublished memorandum). Gebhart did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Following a multitude of *pro se* filings, Gebhart filed the instant Petition on September 23, 2020, seeking dismissal of his case. On September 24, 2020, the PCRA court, after acknowledging that this is Gebhart's fourth PCRA Petition, issued an Order denying and dismissing Gebhart's Petition as patently untimely. **See** PCRA Court Order, 9/24/20. The PCRA court also stated that

Gebhart is no longer serving a sentence in this case. *Id.*[3] This timely appeal

followed.[4, 5]

Gebhart raises the following issue for our review:

> Whether [Gebhart] is entitled to extraordinary and *habeas corpus* relief[,] where the trial court fabricated an [O]rder to create a case without an affidavit of probable cause[,] in violation of the Fourth Amendment and due process clause of the Fourteenth Amendment of the United States Constitution?

Brief for Appellant at 8.

> Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations

omitted).

_____

[3] From the certified record, we are unable to confirm that Gebhart has, in fact, completed his sentence. Additionally, in his appellate brief, Gebhart states that he is still serving his sentence on state parole. Brief for Appellant at 15.

[4] Because October 24, 2020 was a Saturday, Gebhart's *pro se* Notice of Appeal, filed on Monday, October 26, 2020, was timely. *See* 1 Pa.C.S.A. § 1908 (providing that "[w]henever the last day of any such period [concerning computation of time] shall fall on Saturday or Sunday, … such day shall be omitted from the computation.").

[5] The PCRA court did not order Gebhart to file a Pa.R.A.P. 1925(b) concise statement. Nevertheless, Gebhart filed a Pa.R.A.P. 1925(b) Concise Statement, raising several claims that were not clearly raised in his PCRA Petition. *See* Pa.R.A.P. 302(a) (providing that issues not raised with the lower court "cannot be raised for the first time on appeal.").

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of an untimely petition. *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003).

Here, Gebhart's judgment of sentence became final in March 2013, when the time for petitioning for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113(a). Thus, the instant Petition, filed on September 23, 2020, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Additionally, "[t]he PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Gebhart makes no attempt to invoke one of the exceptions to the PCRA's timeliness requirements. Instead, Gebhart's argument includes challenges to

the propriety of the underlying charge and the legality of his sentence. Because Gebhart failed to successfully invoke any of the timeliness exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), we lack jurisdiction to address the merits of his claims. **See Rienzi**, **supra**. Accordingly, we affirm the Order of the PCRA court dismissing and denying his serial PCRA Petition.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/14/2021

---

[6] We further observe that Gebhart failed to support his argument with citations to and discussion of relevant case law. **See** Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); **Commonwealth v. McMullen**, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)).