**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAVON HYMAN | : | |
| | : | |
| Appellant | : | No. 763 EDA 2023 |

Appeal from the PCRA Order Entered February 2, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-004228-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAVON HYMAN | : | |
| | : | |
| Appellant | : | No. 765 EDA 2023 |

Appeal from the PCRA Order Entered February 2, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-004227-2014

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED FEBRUARY 2, 2024**

Javon Hyman appeals from the order,[1] entered in the Court of Common

Pleas of Philadelphia County, denying his petition filed pursuant to the Post

---

[*] Former Justice specially assigned to the Superior Court.

[1] Hyman filed separate notices of appeal at each docket number in compliance with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018).  By order dated May 4, 2023, this Court, *sua sponte*, consolidated Hyman's appeals in accordance with Pa.R.A.P. 513.

Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). Upon review, we affirm.

On March 2, 2016, a jury convicted Hyman of two counts of robbery and related offenses in conjunction with two separate robberies of a MetroPCS store in West Philadelphia. On May 13, 2016, the trial court sentenced Hyman to an aggregate term of 10 to 20 years' incarceration, followed by 20 years of probation. Upon consideration of post-sentence motions, the trial court reduced Hyman's probationary tail to 10 years. Hyman filed an appeal to this Court, which affirmed his judgment of sentence. *See Commonwealth v. Hyman*, 2671 EDA 2016 (Pa. Super. filed Aug. 13, 2018) (unpublished memorandum decision). Our Supreme Court granted allowance of appeal and remanded the matter to this Court for reconsideration in light of *Commonwealth v. Mills*, 162 A.3d 323 (Pa. 2017) (holding that time attributable to normal progression of case is not delay for purposes of Pa.R.Crim.P. 600 calculation). *See Commonwealth v. Hyman*, 203 A.3d 982 (Pa. 2019) (Table). On remand, this Court once again affirmed Hyman's judgment of sentence. *See id.*, 219 A.3d 274 (Pa. Super. 2019) (Table). The Supreme Court denied allowance of appeal. *See id.*, 223 A.3d 665 (Pa. 2020) (Table).

On February 2, 2022, Hyman filed the instant, *pro se*, PCRA petition. The court appointed counsel, who filed a *Turner*/*Finley*[2] "no-merit" letter.

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Following the issuance by the court of a Pa.R.Crim.P. 907 notice of intent to dismiss, Hyman filed a "Motion to Object and/or Compel Counsel" on April 20, 2022. Thereafter, the court appointed new counsel who, on October 3, 2022, also filed a *Turner*/*Finley* letter. The PCRA court issued notice of intent to dismiss on December 19, 2022, and, on February 2, 2023, dismissed Hyman's petition as untimely and granted counsel permission to withdraw. Hyman filed a timely *pro se* notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[3] Hyman raises the following claims for our review:

1. [Was Hyman's] constitutional right to a speedy trial violated?

2. Was [Hyman's] right to effective assistance of counsel violated?

3. Was [Hyman] timely in filing his issue in first subsequent PCRA?

Brief of Appellant, at 3 (unpaginated) (unnecessary capitalization omitted).

Prior to addressing the merits of Hyman's appeal, we must determine whether his PCRA petition was timely filed. The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003). Here, Hyman's petition for allowance of appeal was denied on January 22, 2020, and he did not seek certiorari in the United States Supreme Court. Accordingly, Hyman's judgment of sentence became final 90 days later, on

---

[3] Hyman's Rule 1925(b) statement was styled as a "brief," containing sixteen paragraphs covering the procedural history of his case as well as his legal arguments.

April 21, 2020, when the time for filing a writ of certiorari expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13. Hyman had one year from that date, or until April 21, 2021, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition, including second or subsequent petition, must be filed within one year of date underlying judgment of sentence becomes final). Hyman filed the instant petition on February 2, 2022, more than 1½ years after his judgment of sentence became final. Accordingly, Hyman's petition was untimely and the PCRA court did not have jurisdiction to consider its merits unless he pled and proved one of the three statutory exceptions to the PCRA time bar.[4]

In his *pro se* PCRA petition, Hyman asserted that his speedy trial rights under Pa.R.Crim.P. 600 were violated and that trial counsel was ineffective for

---

[4] The statutory exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i-iii).

failing to "convey a proper argument" with respect to his Rule 600 motion. *Pro Se* PCRA Petition, 2/2/22, at 10. He neither pled nor proved an exception to the PCRA's jurisdictional time bar.

In his response to the PCRA court's Rule 907 notice and on appeal, Hyman attempts to assert that PCRA counsel was ineffective for "not raising, or even reviewing or [] inquiring into Hyman's reason for late filing" of his PCRA petition. Brief of Appellant, at 8 (unpaginated). **See Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021) (PCRA petitioner may, after PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at first opportunity to do so, even if on PCRA appeal). Hyman asserts that his late filing was due to pandemic-related restrictions at SCI-Houtzdale, which denied him access to the law library. He claims that he "was not permitted to [visit] the law library until [D]ecember 2021[,] at which time the law library was still running under limited access[.]" Brief of Appellant, at 6 (unpaginated). Accordingly, he argues that the pandemic-related restrictions should qualify as "extraordinary circumstances" excusing his untimely filing. **Id.** at 7 (unpaginated). We disagree.

This Court has repeatedly held that pandemic-era restrictions on access to prison law libraries do not satisfy the governmental interference exception to the PCRA time bar. **See Commonwealth v. Miller**, 2023 WL 2489952, *6

(Pa. Super. filed Mar. 14, 2023) (unpublished memorandum decision)[5] ("allegations of restrictions on access to law libraries or legal resources which do not completely prevent an inmate from preparing legal filings, do not satisfy the governmental interference exception"); **Commonwealth v. Lee**, 2023 WL 19249, *3-4 (Pa. Super. filed Jan. 3, 2023) (unpublished memorandum decision) (defendant failed to prove governmental interference based on pandemic-related restrictions on access to prison library where, *inter alia*, he failed to argue conditions of his incarceration were illegal).

Moreover, the notion that Hyman was prevented from timely filing his PCRA petition because of restrictions on library access is belied by the fact that he filed a federal habeas corpus petition in November 2020, which fell within the one-year period for filing a timely PCRA petition and the time he alleges he was not permitted to visit the prison library. **See Commonwealth v. Lambing**, 297 A.3d 738 (Pa. Super. 2023) (Table) (filing of post-sentence motion disproved claim that pandemic-related prison restrictions deprived appellant of ability to file timely PCRA petition).

Accordingly, because Hyman's PCRA petition was facially untimely and he failed to plead and prove any exception to the jurisdictional time bar, the PCRA court properly denied him relief.

Order affirmed.

---

[5] Pursuant to Pa.R.A.P. 126(b)(2), unpublished non-precedential memorandum decisions of this Court filed after May 1, 2019, may be cited for their persuasive value.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/2/2024